IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD R. MILLER,

    Plaintiff,

v.                                                                   CASE NO. 1:10-cv-00038-SPM-GRJ

UNITED STATES OF AMERICA,
et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court are: (1) the United States' Motion To Dismiss Or In The Alternative Motion For Summary Judgment (Doc. 12, and (2) Federal Public Defenders of New York, Inc.'s Motion To Dismiss. (Doc. 17.) Plaintiff has filed a response to each motion (Docs. 27 & 28) and, accordingly, the motions are ripe for consideration. For the reasons discussed below, it is recommended that the motions to dismiss should be **GRANTED**.

## I. BACKGROUND AND FACTS

Plaintiff was indicted in the Southern District of New York on October 10, 2003 for failure to pay approximately $237,000 in child support over a period longer than two years and was arrested in Gainesville, Florida. (Doc. 12 Exh. A). On March 4, 2004, Paul Davison, Plaintiff's federal public defender in the Southern District of New York, filed a motion to transfer the criminal case to the U.S. District Court for the Middle District of Florida for prosecution. (Doc. 19.) Plaintiff's motion was granted and criminal proceedings were initiated against Plaintiff in the United States District Court for the

Middle District of Florida on April 20, 2004 in Case No. 8:04-cr-207-JSM-MAP. (Doc. 12.) A jury trial was held and Plaintiff was acquitted of the offense on January 6, 2005. (Doc. 18 Exh. 1.)

On May 21, 2009, a New York state court issued an Income Withholding for Support Order for child support payments, which resulted in the garnishment of Plaintiff's Social Security benefits. (Doc. 20 pp. 20-22, 66-71.) Plaintiff filed a complaint on September 16, 2009 in the U.S. District Court for the Middle District of Florida in Case No. 8:09-CV-1898-JDW-AEP challenging the garnishment. (Doc. 12 Exh. C.) The complaint in the present action was filed on March 16, 2010. (Doc. 1.)

Plaintiff brings this action *pro se* against the United States, several federal agencies, seven county jails, and the federal defenders office in New York, a private corporation, for damages resulting from the criminal proceedings for failure to pay child support which culminated in his arrest, incarceration, and trial in Florida. (Doc. 1.) Plaintiff alleges jurisdiction in this Court based on a number of federal statutes, constitutional amendments, and social security disability benefits regulations.

## II. DISCUSSION

Defendant United States has filed a Motion To Dismiss Or In The Alternative Motion For Summary Judgment (Doc. 12), which this Court converted to a motion for summary judgment. (Doc. 16.) In its motion, Defendant United States asserts that this Court lacks subject matter jurisdiction over certain of Plaintiff's claims, that Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), that Plaintiff's claims under *Bivens v. Six Unknown Agents* are barred by sovereign immunity and time-barred, and that Plaintiff's claim against the Social

Security Administration is barred by *res judicata*. FPDNY has also filed a Motion To Dismiss (Doc. 17), in which it argues that Plaintiff's claims against it should be dismissed for lack of personal jurisdiction, insufficient process and insufficient service of process. The Court will address each motion in turn, and then will proceed to discuss Plaintiff's claims against the remaining Defendants in this case.

**A.     Motion To Dismiss Filed By Defendant United States of America**

Plaintiff alleges that he is mentally disabled, manic-depressive, and dyslexic with a prostate carcinoma and that these disabilities were heightened to an incapacitating level by both the federal criminal prosecution against him and his pre-trial incarceration. Plaintiff alleges that during those criminal proceedings the United States Attorney's Office for the Middle District of Florida ("USAO") intentionally participated in a conspiracy to violate Plaintiff's due process rights in connection with the insanity hearing that was conducted in his criminal prosecution, refused to provide him with documents and intentionally retaliated against Plaintiff for its failed prosecution. He also alleges that during his pretrial detention the United States Marshals Service ("USMS") took legal papers from him and failed to ensure that court orders requiring that Plaintiff receive medical attention were carried out. Plaintiff also contends that the personnel at several Federal Bureau of Prisons ("FBOP") facilities failed to give him medication, placed him in lock-down isolation, did not allow him to exercise, and locked him in cells with convicted criminals. He also brings a due process claim against the Social Security Administration ("SSA") for the garnishment of his disability benefits.

The Court construes Plaintiff's Complaint as bringing claims under the FTCA and *Bivens v. Six Unknown Agents*, as these are the only two means by which a private

individual may sue the United States without such a suit being barred by sovereign immunity. Accordingly, the Court will review Plaintiff's various claims under each of those two avenues.

### 1. Standard of Review

Defendant United States contends that this Court lacks subject matter jurisdiction over the claims against the United States in Plaintiff's Complaint. (Doc. 1.) A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenging subject matter jurisdiction may be directed at two different types of defects. The first type is a "facial attack" which "requires the court merely to look to see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980). A "factual attack," on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings." Id. Thus, where there is a factual attack, although the allegations of the complaint are taken as true, the allegations may be tested by extraneous evidence. In other words, "no presumptive truthfulness attaches to plaintiffs' allegations and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990)(*per curiam*). When the attack is facial the allegations of the complaint are taken as true for purposes of the motion. Menchaca, at 511. In this instance, Defendant United States makes a factual attack, contending that Plaintiff's FTCA claims are barred for failure to administratively exhaust those claims, that Plaintiff cannot bring *Bivens* claims against several federal agencies and that his one *Bivens* claim against an individual federal official is time-barred. Accordingly, this Court can

consider the exhibits that Defendant United States has filed in support of its motion, as well as other extraneous evidence, in ruling on that motion.

### 2. Plaintiff's Federal Tort Claims Act Claims

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Such a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The FTCA creates a limited waiver of that sovereign immunity by providing that the United States shall be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

Plaintiff purports to bring a number of claims against various federal agencies,[1] including the USMS, SSA, the USAO and FBOP based on the "obstructions, torts, and damages etc. caused the plaintiff by the United States of America, it's [sic] employees, agencies, administrations and contract service providers." (Doc. 1.) Specifically, Plaintiff contends that the USAO tortiously interfered with a prior lawsuit filed by Plaintiff against the SSA and that the USAO caused Plaintiff to become totally disabled, unable to work and poverty-stricken by means of its criminal prosecution against him. Plaintiff also alleges that the USMS did not ensure that he was given his medications during his

---

[1] FTCA claims can only be made against the United States. Simpson v. Holder, 184 Fed. Appx. 904, 908 (11th Cir. 2006)(*per curiam*)("The United States is the only proper defendant in an FTCA action."). Plaintiff has properly named the United States as a Defendant to this lawsuit in his Complaint, and so the Court construes all of Plaintiff's FTCA claims as having been brought against Defendant United States.

pre-trial incarceration and that various FBOP facilities[2] refused to give him medicine or medical care and locked him in cells with convicted criminals. Plaintiff lists, in his response to the United States's motion, under the heading "ACTS OF COMMISSION AND OMISSION BY U.S.A. EMPLOYEES OR DESIGNATED REPRESENTATIVES 18 USC 2680,"[3] a long list of torts that he claims were committed against him by federal officials including: libel, slander, misrepresentation, deceit, strict liability, interference with contractual rights and assault. (Doc. 27 pp. 9-10.) Because these claims are in tort, the Court must determine whether Plaintiff may bring claims for these torts under the FTCA against the United States.

A prerequisite to a plaintiff's ability to maintain an FTCA suit in a federal court is prior exhaustion of the plaintiff's administrative remedies. Section 2675(a) of the FTCA provides that a plaintiff cannot institute an FTCA claim against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency" along with a demand for money damages in a sum certain. 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a). A plaintiff's failure to file an administrative claim with the applicable agency divests a federal court of subject matter jurisdiction over the plaintiff's FTCA claim. Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008). The fact that a plaintiff is proceeding *pro se* does not excuse him from the FTCA's administrative exhaustion requirement. McNeil v. United States, 508 U.S. 106,

---

[2] Plaintiff also includes three FBOP facilities as Defendants to this action. This Court construes those claims as arising against the FBOP rather than against each individual facility.

[3] As there is no 18 U.S.C. § 2680, the Court construes Plaintiff's reference to that section of the United States Code as an attempt to reference 28 U.S.C. § 2680, which is one of the FTCA's statutory provisions.

113 (1993).

To the extent that Plaintiff is attempting to bring FTCA claims against the United States based on the torts he alleges were committed by various federal agencies and their employees, Plaintiff's claims fail because he has not exhausted his administrative remedies under the FTCA, as required by statute. Plaintiff does not allege in his Complaint nor has he filed any evidence demonstrating that he filed an administrative claim with any federal agency.[4]

Instead, several of the federal agencies have provided affidavits demonstrating that Plaintiff did not file an administrative claim prior to filing suit. The following affidavits establish that there is no record of Plaintiff filing a presuit FTCA demand. Elijah F. Jenkins, a paralegal with the United States Department of Justice, avers that he searched that agency's records system, which is used to track every FTCA claim received by the agency, and found no record of an administrative claim filed by Plaintiff. (Doc. 12 Exh. H.) Gerald M. Auerbach, General Counsel of the USMS, attests that he had searched his agency's FTCA claim records system and could find no claim filed by Plaintiff. (Doc. 12 Exh. I.) Vincent E. Shaw, Senior Litigation Counsel with the FBOP, avers that both he and another FBOP staff member searched FBOP records of the FTCA claims filed against the FBOP and that neither of them could find a single claim

---

[4] Plaintiff included a letter styled as an "FTCA NOTICE FORM" as part of his response to Defendant United States's motion. Although Plaintiff apparently sent the letter to the agencies he has named under the FTCA. (Doc. 27 p. 23) the letter is dated August 10, 2010, five months after this lawsuit was filed. Because the letter was not sent before suit was filed it is insufficient to be considered a valid FTCA notice. The letter also does not constitute a valid FTCA notice because the letter does not include a demand for a sum certain, as required. 28 C.F.R. § 14.2(a). Instead, the letter merely states that Plaintiff wishes to conduct discovery regarding unstated allegations and that Plaintiff can have a subpoena issued by this Court. Consequently, the August 5, 2010 letter cannot be construed as a proper FTCA notice and therefore does not demonstrate that Plaintiff exhausted his administrative remedies prior to filing suit.

*Case No: 1:10-cv-00038-SPM-GRJ*

filed by Plaintiff. (Doc. 12 Exh. J.) Plaintiff has not filed any information rebutting this clear record, which demonstrates that Plaintiff did not file, as required, a written FTCA claim before suit was filed.

Because Plaintiff did not first pursue his administrative remedies with respect to the FTCA claims that he seeks to advance in his Complaint, Plaintiff's claims against the United States and the various agencies of the United States are barred for failure to exhaust administrative remedies under 28 U.S.C. § 2675(a). Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's FTCA claims against the United States and, therefore, Plaintiff's claims against the United States and the various federal agencies are due to be dismissed.

### 2. Plaintiff's *Bivens* Claims

The only other avenue of relief for a plaintiff to pursue claims against federal officers for a violation of the plaintiff's constitutional rights is through a *Bivens* claim. In *Bivens v. Six Unknown Agents* the Supreme Court recognized a cause of action against a federal agent who, while acting under color of federal law, violates an individual's constitutional rights. 403 U.S. 388, 397 (1971). *Bivens* claims cannot, however, be brought against the United States itself or against a federal agency, as *Bivens* is only a vehicle for asserting claims against individual federal officials. Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 485-87 (1994). The Supreme Court reasoned that the very purpose of *Bivens* was to "deter *the officer"* from violating rights and that this purpose would be "eviscerat[ed]" if *Bivens* actions could be brought directly against an agency. Id. at 485.

Plaintiff's Complaint alleges various violations of his constitutional rights by both federal officials and federal agencies. Plaintiff asserts, for example, that the USAO

violated his due process rights and continually and intentionally violated his constitutional rights by not accepting service of process of a subpoena, participating in an intentional plan designed not to give him due process in connection with his insanity hearing and failing to notify him of hearings in his criminal prosecution. Plaintiff also alleges that an unnamed female Deputy U.S. Marshal, who transported Plaintiff to the Bradford County Jail, purportedly failed to convey to jail officials this Court's order that Plaintiff be given prompt medical attention and she allegedly took several of Plaintiff's legal papers. Plaintiff also alleges that the SSA violated his constitutional rights by not giving him a due process notice that his disability benefits were to be garnished and by taking his property without due process. Because each of these claims revolves around purported violations of Plaintiff's constitutional rights, the Court construes them as *Bivens* claims.

A fundamental problem with the majority of Plaintiff's claims for violation of his constitutional rights is that Plaintiff seeks to hold federal agencies like the USAO, SSA and USMS, responsible for these violations, rather than seeking to hold the individual federal officials liable. The Supreme Court has expressly declined to extend *Bivens* to a suit directly against an agency of the federal government. Fed. Deposit Ins. Corp. v. Meyer, 10 U.S. 471, 487 (1994). Accordingly, because Plaintiff cannot maintain *Bivens* claims against the USAO, SSA and USMS for violation of his constitutional rights, Plaintiff's claims against the named federal agencies are due to be dismissed.

The only mention by Plaintiff of a claim against an individual federal officer is Plaintiff's reference to unnamed female U.S. Deputy Marshall, who allegedly transported Plaintiff to the Bradford County Jail and who allegedly did not convey to the jail officials that this Court's January 22, 2004 Order directed that Plaintiff should be

given prompt medical attention. (Doc. 1.) Although there are a number of problems with this claim the Court need not address whether these facts are sufficient to state a claim, because even if Plaintiff could allege a viable claim against the Deputy U.S. Marshal, Plaintiff cannot proceed with this claim because it is time-barred. *Bivens* claims are governed by the same statute of limitations applicable to 42 U.S.C. § 1983 actions, that is, the forum state's applicable residual personal injury statute of limitations. Kelly v. Senna, 87 F.3d 1235, 1239 (11th Cir. 1996); City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). In Florida, "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). A cause of action accrues for purposes of the statute of limitations in § 1983 and *Bivens* cases when the plaintiff knows or has reason to know of his injury and who has inflicted it. Eric v. Border Patrol of Florida State, 154 Fed. Apex. 193, 194 (11th Cir. 2005)(*per curiam*).

As affirmatively alleged by Plaintiff in his complaint, Plaintiff should have been well aware in 2004 when he was taken to the Bradford County that he was not given the medications he alleges should have been administered. (Doc. 1.) The complaint in this case was filed in March 2010, more than six years after the events occurred about which Plaintiff claims. Accordingly, to the extent that Plaintiff is seeking to bring a *Bivens* claim against an unnamed female Deputy U.S. Marshal this claim is due to be dismissed with prejudice.

### 4. Plaintiff's Claims Against the Social Security Administration

Plaintiff's Complaint also includes a claim against the SSA relating to the garnishment of a portion of Plaintiff's disability benefits by a New York governmental

entity. Plaintiff previously filed a complaint against the SSA in the Middle District of Florida in Case No. 8:09-CV-1898-JAW-AEP on September 16, 2009 challenging the very same garnishment of his Social Security disability benefits. (Doc. 12 Exh. C.) In that case, the SSA filed a motion to dismiss on the grounds that the court did not have subject matter jurisdiction over Plaintiff's claims against SSA. (Doc. 12 Exh. C.) The district court, there, on March 5, 2010 entered an order granting SSA's motion to dismiss and dismissed Plaintiff's claims against SSA for lack of subject matter jurisdiction. (Doc. 12 Exh. E.) Plaintiff then filed the instant action in this Court eleven days later on March 16, 2010. (Doc. 1.) Not to be deterred ten days later on March 26, 2010 Plaintiff file an amended complaint in the case in the Middle District of Florida. The district court there again dismissed the claim against the SSA for lack of subject matter jurisdiction on June 21, 2010. (Doc. 12 Exhs. F & G.)

For the reasons discussed in detail above, this Court does not have subject matter jurisdiction over Plaintiff's claim against the SSA because the SSA is an agency of the United States and, therefore, can only be sued where the United States has waived sovereign immunity.

Furthermore, Plaintiff's attempt again to bring the same claim against the SSA is barred by *res judicata* because the identical claim has been fully adjudicated by another court.[5] *Res judicata* bars the filing of legal claims that were raised or could have been raised in an earlier proceeding. Ragsdale v. Rubbermaid, 193 F.3d 1235, 1238 (11th Cir. 1999). A claim is barred under res judicata if "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause

---

[5] While technically final judgment has not been entered in the case in the Middle District of Florida because other claims against other parties remain pending, the Court has entered a final order dismissing the SSA as as a party in that case. (Doc. 12 Exhs. F & G.)

*Case No: 1:10-cv-00038-SPM-GRJ*

of action is involved in both cases." Id. at 1238. The claim in the Middle District of Florida is identical to the claim brought in this case against the SSA and Plaintiff has lost not once but twice on this same issue in the Middle District case. Accordingly, Plaintiff's claim against the SSA is due to be dismissed.

**B.     Motion To Dismiss Filed By Defendant FDPNY**

Turning next to the Federal Public Defenders of New York, Inc.'s Motion To Dismiss, FPDNY contends that Plaintiff's Complaint should be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), insufficient process under 12(b)(2)(4) and insufficient service of process under 12(b)(2)(5).

Plaintiff's complaint is not altogether clear as to which Federal Public Defender Plaintiff is suing, as his Complaint refers only to "Federal Defender's Office" and then refers to the actions of three separate federal public defenders in the Northern District of Florida, Middle District of Florida and Southern District of New York. Nevertheless, Plaintiff's specific allegations in the Complaint against the actions of his Assistant Federal Public Defender in the Southern District of New York are that his counsel there should have filed a motion to change venue sooner. Plaintiff alleges that as a result of the delay he unnecessarily spent two months incarcerated in New York, which in turn allegedly forced him to waive his speedy trial rights in the Florida criminal proceedings. Plaintiff's complaint is, however, completely devoid of facts establishing a connection between the two month period of incarceration and the actions of his New York federal public defender.

      **1.     Service of Process under Fed. R. Civ. P. 4**

The starting point for service of process in the federal system is Rule 4 of the Federal Rules of Civil Procedure. Rule 4 sets forth what documents must be served, the proper means for doing so, and the time frame within which service must be made.

Rule 4 provides that "[a] summons must be served with a copy of the complaint" and that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  Under the Federal Rules, service of process on a corporation like FPDNY can be made by (i) delivering a copy of the summons and the complaint to an officer or agent authorized by appointment or by law to receive service of process and by also mailing a copy of each to the defendant or (ii) pursuant to state law in either the state where the district court is located or where service is made.  FED. R. CIV. P. 4(h)(1).  In this case, Plaintiff would have to comply in with either Florida law or New York law, since Florida is the state in which this Court is located and New York is the state in which FPDNY is located.

Florida law requires service of process on a corporation by serving a designated list of corporate officers, in the absence of a corporate officer on a director, and in the absence of a director on any agent transacting business for the corporation within the state, or as an alternative to the foregoing on the corporation's registered agent in Florida. FLA. STAT. § 48.081. In New York, service of process on a corporation can be made on any corporate officer, director, managing or general agent, or any other agent authorized by appointment or by law to receive service or on the corporation's registered agent.  N.Y. BUS. CORP. § 307.  Service of process on a corporation in New York can also be made via the mail, but only if a copy of the summons and complaint are sent via first class mail along with two copies of a statement of service by mail, an acknowledgment of receipt in a specific form as dictated by statute, and a postage prepaid return envelope addressed to the sender.  N.Y. C.P.L.R. § 312-a.  A defendant must be served within 120 days of the filing of the complaint, or else "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without

prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

### 2. Personal Jurisdiction

In addition to effecting valid service of process under Rule 4 on a defendant, a plaintiff must also establish a *prima facie* case that the Court has personal jurisdiction over a nonresident defendant. "A *prima facie* case is established if the plaintiffs present sufficient evidence to defeat a motion for a directed verdict." Cable/Home Communication Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990) (quoting Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988)). The burden then shifts to the defendant to file affidavits containing allegations that, if taken as true, show that the defendant's conduct does not make him or her amenable to service. Acquadro v .Bergeron, 851 So.2d 665, 672 (Fla. 2003). Where a defendant submits such affidavits, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction -- unless the affidavits contain only cursory assertions that the defendant is not subject to jurisdiction. Meier ex rel. Meier v. Sun Intern. Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002).

In determining whether the court has personal jurisdiction over a nonresident defendant the court employs a two-part analysis. Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005). First, the court must determine if jurisdiction can be obtained over the defendant under Florida's long-arm statute. Id. If so, the court must then decide whether the nonresident defendant has sufficient "minimum contacts" with Florida to satisfy the constitutional requirements under the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit "does not offend 'traditional notions of fair play and substantial justice.'" Id.

Because Florida law dictates the reach of the long-arm statute, this Court must interpret it in the same way that the Florida Supreme Court would. Id. at 1167. Therefore, this Court must strictly construe the statute. Madara v. Hall, 916 F.2d at 1514. Plaintiff also bears the burden of proving the facts which make the long arm statute applicable to Defendant. Restorative Prods., Inc. v. Mmar Med. Group, Inc., No. 94-1920 CIV-T-17A, 1995 U.S. Dist. LEXIS 18695, at *5 (M.D. Fla. Oct. 18, 1995); Bloom v. A. H. Pond Co., Inc., 519 F. Supp. 1162, 1168 (S.D. Fla. 1981).

Florida's long-arm statute provides for two types of personal jurisdiction: specific jurisdiction under § 48.193(1), where a party's contacts with the forum relate to the cause of action and general jurisdiction under § 48.193(2), where a party's contacts are unrelated to the litigation but, nonetheless, are "continuous and systematic," such as owning property, running a business, or maintaining a bank account.

### 3. Application

In the first instance Plaintiff failed to perfect valid service of process on FPDNY in accordance with Rule 4. Instead, the only effort made by Plaintiff to serve FPDNY was to mail a packet to FPDNY on August 11, 2010 containing the OMB Approved Form No. 1105-0008,[6] a copy of the jury verdict form in Plaintiff's criminal prosecution, a letter from Plaintiff that noted he had included an FTCA notice form and that he wanted to conduct discovery of the allegations related to the enclosed notice of FTCA claims, and a six page document that FPDNY describes as " a reproduction of the Complaint but lacking a style and signature." (Doc. 18.) In Plaintiff's response to FPDNY's motion to dismiss Plaintiff concedes that the packet he mailed "by definition ... was not a summons or complaint" and that his purpose in mailing the packet was to

---

[6] This is a form that is used to place a governmental entity on notice of an FTCA claim against the governmental entity.

provide "the notice under FTCA.." (Doc. 28.)

Plaintiff's claim against FPDNY should be dismissed under Fed. R. Civ. P. 12(b)(4) for insufficient process and for invalid service of process under Rule 12(b)(5). Although *pro se* plaintiffs are entitled to liberal construction of their pleadings, "a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules." Redmon v. Lake County Sheriff's Office, No. 10-11070, 2011 WL 476601, at *4 (11th Cir. Feb. 10, 2011)(*per curiam*); *see also* Asad v. Crosby, 158 Fed. Apex. 166, 171 n.4 (11th Cir. 2005)(*per curiam*)(a party's *pro se* status does not excuse a party's failure to comply with the strictures of Rule 4). In addition, this Court provided Plaintiff with a courtesy copy of Rule 4 and specifically instructed Plaintiff as to how to serve his complaint and that personal service requires delivering to each Defendant a copy of the Complaint as well as a summons. (Doc. 4.) Furthermore, apparently Plaintiff is a licensed attorney in the state of New York and therefore should have understood that effecting valid service of process was essential to proceed with a case in federal court.

Plaintiff admitted in his response to FPDNY's motion to dismiss that he did not include either a copy of the Complaint or a summons in the packet that he mailed to FPDNY. (Doc. 28.) And although Plaintiff mailed the packet, that method is not appropriate method of service under Rule 4(c) or under New York or Florida law pursuant to 4(e)(1) and 4(h)(1)(A), because FPDNY did not affirmatively choose to accept service by mail in the means prescribed by New York law. Lastly, Plaintiff also failed to serve FPDNY within 120 days of the filing of his Complaint pursuant to Fed. R. Civ. P. 4(m).

Accordingly, for all of these reasons, Plaintiff's complaint against FPDNY should be dismissed under 12(b)(4) for insufficient process and under 12(b)(5) for insufficient

service of process.

      Because Plaintiff failed to perfect valid service of process under Rule 4 upon FPDNY, this Court lacks personal jurisdiction over FPDNY. *See* In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1299 (11th Cir. 2008)(noting that "[g]enerally, where service of process is insufficient, the court has no power to render judgment"). Extending the time within which to allow Plaintiff to perfect service on FPDNY – as the Court is permitted to do under Rule 4(m) – would be futile because as discussed below this Court does not have personal jurisdiction over FPDNY under Florida's long-arm statute and because FPDNY has insufficient minimum contacts to be subjected to suit in Florida.

      There are two fundamental reasons the Court does not have personal jurisdiction over FPDNY. First, Plaintiff fails to allege in the Complaint any facts suggesting that the FPDNY is subject to personal jurisdiction or even mention Florida's long-arm statute. Thus, based upon a facial challenge to personal jurisdiction Plaintiff has failed to plead a sufficient factual basis to support personal jurisdiction.

      Secondly, in addition to the complete absence of any facts in the complaint suggesting a basis for personal jurisdiction, as a matter of evidence FPDNY has demonstrated in the affidavits it filed – which Plaintiff has not rebutted – that it is not subject to personal jurisdiction in Florida. In support of its motion to dismiss, FPDNY filed affidavits from Martin Smith, Administrative Officer of FPDNY, and Paul Davison, Plaintiff's federal public defender in the limited proceedings that took place in the Southern District of New York. (Docs. 18 & 19.) Smith attests that FPDNY is a foreign corporation that carries on no activities whatsoever in Florida, is not registered to do business in Florida, and was not even formed as a corporate entity when Plaintiff's

limited criminal proceedings in the Southern District of New York took place. (Doc. 18.) Smith also notes that Davison served as Plaintiff's counsel when he was employed by an entity other than FPDNY, the Federal Defender Division of the Legal Aid Society of New York, which Davison confirms. (Docs. 18 & 19.) Davison notes that his representation of Plaintiff took place exclusively in the Southern District of New York, that he did not provide any legal services to Plaintiff in Florida, and that he did not advise, counsel or represent Plaintiff after Plaintiff's criminal prosecution was transferred to the Middle District of Florida. (Doc. 19.) FPDNY is a foreign corporation with no connection to nor any contacts with Florida, either with respect to this action or in any other respect. Thus, the activities of FPDNY do not fall under provision of Florida's long-arm statute and are woefully insufficient to establish that FPDNY has sufficient minimum contacts with Florida to be subject to personal jurisdiction.

Accordingly, Plaintiff's complaint against FPDNY is due to dismissed with prejudice pursuant to Rule 12(b)(4) for insufficient process, pursuant to Rule 12(b)(5) for insufficient service of process and pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

### C. Plaintiff's Claims Against The Remaining Defendants

Lastly, Plaintiff also purports to bring claims against seven state jails in which he was detained prior to his criminal trial.[7] Six of the state jails are in Florida: Taylor County Jail, Citrus County Jail, Alachua County Jail, Bradford County Jail, Columbia County Jail, and the Hillsborough County Sheriff's Office Orient Road Jail. The seventh jail is the Westchester County Jail in Valhalla, New York. Plaintiff alleges that each of

---

[7] A jail is not normally a proper defendant because it is not a juridical entity and instead is operated usually by a governmental entity such as a county. As such, the named jails are not proper parties to this suit. This defect, however, makes no difference because Plaintiff has not made any effort to serve process with regard to these entities.

these jails refused to provide him with medicine, failed to provide medical care or provided inadequate medical care, failed to provide him with sufficient exercise time, and placed him in a cell with convicted prisoners. While the allegations regarding the jails are sparse and fail to provide the specifics of his claims, the Court need not waste its scarce and valuable resources explaining to Plaintiff the shortcomings of these claims, because Plaintiff has made no effort to serve any of these seven facilities with a summons or a copy of the Complaint and has not requested that the Court extend the time within which Plaintiff must serve each of these Defendants under Fed. R. Civ. P. 4(m) beyond 120 days.

Accordingly, because Plaintiff has not made any effort to advance these claims and has not served these defendants the claims against each of these seven remaining Defendants should be dismissed for failure to serve process on each Defendant within 120 days of the filing of the complaint as required by Rule 4(m).

### III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that:

(1) Defendant United States of America's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 12) should be **GRANTED** and the claims against the United States and the claims against the United States Attorney for the Middle District of Florida, the Social Security Administration, the Federal Bureau of Prisons,[8] and the United States Marshals Service should be **DISMISSED**; and

(2) Federal Defenders of New York Inc.'s Motion to Dismiss (Doc. 17) should be **GRANTED** and the claims against Federal Public Defenders of New York, Inc.

---

[8] This includes the Federal Transfer Center at Oklahoma City, the Federal Correctional Institute in Butner, North Carolina, and the United States Penitentiary in Atlanta, Georgia, each of which is included as an individual Defendant by Plaintiff.

should be **DISMISSED**; and

   (3) All claims against Defendants Taylor County Jail, Citrus County Jail, Alachua County Jail, Bradford County Jail, Columbia County Jail, the Hillsborough County Sheriff's Office Orient Road Jail and the Westchester County Jail in Valhalla, New York should be **DISMISSED** for failure to perfect service of process within 120 days pursuant to Fed. R. Civ. P. 4(m).; and

   (4) The court should direct the clerk to enter final judgment against Plaintiff on all claims and close the file.

   At Gainesville, Florida, this 29th day of March, 2011.

          *s/ Gary R. Jones*
          GARY R. JONES
          United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**